

FILED
AUG. 23, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE PONTEFRACT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1591 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.

Plaintiff filed a civil action in the United States District Court for the Northern District of Ohio under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the Warden of the Elkton Federal Correctional Institution in Lisbon, Ohio and the Food Administrator of that facility violated rights protected under the Eighth Amendment to the United States Constitution though their deliberate indifference to his basic nutritional needs.  *See* Compl. ¶¶ 24-26; *Pontefract v. United States*, No. 4:19-CV-0528, 2019 U.S. Dist. LEXIS 219682 (N.D. Ohio Dec. 23, 2019).  The court ruled that plaintiff failed to state a *Bivens* claim in part because he failed to show personal involvement of these defendants in the alleged unconstitutional conduct.  *See id*. at *4-*5.  Even if he had, the court found that plaintiff's "claim would nevertheless be subject to dismissal" in light of the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).  *Id*. at *6.  Because the Supreme Court "has not extended a *Bivens* remedy under the Eighth Amendment in the context that Plaintiff assert[ed]," the court "decline[d] to do so."  *Id*. at *7.  On appeal, the Sixth Circuit found that

"the district court properly dismissed [plaintiff's] inadequate-nutrition claim because only a narrow range of claims fall within the scope of a *Bivens* claim," and plaintiff's claim did not. *Pontefract v. United States*, No. 20-3064, 2020 U.S. App. LEXIS 35268, at *4 (6th Cir. Nov. 6, 2020). The Supreme Court denied plaintiff's petition for writ of certiorari. *Pontefract v. United States*, 141 S. Ct. 2475 (2021).

Plaintiff contends that he sustained "an irreparable injury in regards to the denying of his United States Constitutional Rights as a federal prisoner by the courts through Ziglar that cannot be corrected by any other means." Compl. ¶ 32; *see id*. ¶¶ 9-10. For example, he alleges that he cannot pursue his Eighth Amendment claim under the Civil Rights for Institutionalized Persons Act, *see* 42 U.S.C. § 1997 *et seq.*, as a State prisoner might, *see* Compl. ¶¶ 11-12, 33, and the Prison Litigation Reform Act's exhaustion requirement, *see* 42 U.S.C. § 1997e, mandates completion of the Federal Bureau of Prisons' grievance procedures even though those procedures cannot address a constitutional claim, *see* Compl. ¶¶ 13-14, 34. The principal form of relief plaintiff demands is a declaratory judgment that *Ziglar* is unconstitutional as applied to a federal prisoner in BOP custody. *See id.* ¶ 36. The Court declines to do so.

This Court, as is every other federal district court and circuit court of appeals, is bound by the decisions of the Supreme Court. Because the complaint fails to state a claim upon which relief can be granted, the Court will dismiss the complaint and this civil action. Plaintiff's application to proceed *in forma pauperis* will be granted. An Order is issued separately.

/s/
EMMET G. SULLIVAN
United States District Judge

DATE: August 23, 2021